Kimball *v.* Lee.

---

CHARLES W. KIMBALL et al., appellants,

*v.*

JOHN LEE et al., respondents.

When an attachment has issued against a non-resident and has been permitted, by the court of chancery, to be levied on funds in the hands of a receiver of an insolvent corporation, as due to the defendant in attachment on his claim against such corporation, and a bill has been filed by the attaching creditor for himself and all creditors who may come in under the attachment, setting up an assignment by the defendant in attachment of all his property (including said claim) for the benefit of creditors, and asserting that such assignment was fraudulent and void as to creditors who are citizens of New Jersey, because it gave preferences, and praying that it might be so

decreed and the receiver directed to pay the funds due on said claim to the auditor in the attachment suit, and for an injunction against payment to any other person—*Held*, that upon such circumstances an injunction *pendente lite* is unnecessary and inappropriate, because the attachment bound the funds in the hands of the receiver so as to render him liable as garnishee if complainant's claim shall be sustained.

On appeal from a decree of the chancellor, whose opinion is reported in *Kimball v. Lee, 13 Stew. Eq. 403*.

*Mr. Hamilton Wallis*, for appellants.

*Mr. John P. Stockton*, attorney-general, for respondents.

The opinion of the court was delivered by

MAGIE, J.

This bill was filed by Charles W. Kimball and Elias T. Day against Ashbel Green, receiver of the North River Construction Company, appointed by the court of chancery, and others. Kimball is the assignee of the Wallis Iron Works, an incorporated company of this state, which had issued an attachment out of the supreme court against property of one John Lee, a non-resident debtor. That attachment had, by permission of the court of chancery, been levied on the claim of Lee against the North River Construction Company in the hands of said receiver. Day had been admitted as a creditor in the attachment suit.

The bill was filed in behalf of the complainants and such other creditors of Lee as should come in under the attachment.

The bill averred that Lee was a resident of New York, and had there made an assignment for the benefit of creditors to Thomas P. Rutan of all his property, including the claim against the North River Construction Company, which assignment gave preferences to some of the creditors. It was thereupon claimed that the assignment was utterly void as to Lee's creditors who reside in New Jersey, with respect to the claim in question. The prayer of the bill was that the assignment should be decreed to be fraudulent and void; that the attach-

ment should be adjudged a lien on the indebtedness of the North River Construction Company to Lee, and that said indebtedness should be charged with the payment of Lee's debts due to citizens of New Jersey who should become admitted as creditors under the attachment, and that the receiver should be decreed to pay to the auditor appointed in the attachment suit whatever in the administration of his receivership was payable upon said indebtedness. It was further prayed that a perpetual injunction and an injunction *pendente lite* should issue, forbidding the receiver to pay any sum which should be payable on said indebtedness to any other person but said auditor.

On filing the bill, there was an order made to show cause why such an injunction *pendente lite* should not be issued, and on the argument that order was discharged and this appeal taken.

The sole question is whether the chancellor erred in denying the injunction *pendente lite.*

The conclusion of the chancellor was arrived at upon a consideration of the whole case between the parties, as disclosed in the bill, the answer of the receiver and the accompanying affidavits. The questions with which he dealt are novel and of great importance. They ought not to be disposed of on such a motion unless necessarily involved.

Since I deem these questions not at all involved, I shall not discuss them or express any opinion upon them. The chancellor's conclusion is entirely correct on other grounds.

When the attachment was, by permission of the court of chancery, levied on moneys in the hands of the receiver due to Lee, it bound whatever was Lee's. Thereafter the receiver could not pay any moneys due to Lee to any other person so as to exonerate him from liability under the attachment.

The complainants' case is that Lee's assignment to Rutan is, at least as to them and other citizens of New Jersey who are Lee's creditors, utterly void. The doctrine they invoke has been enunciated by our courts of law and equity whenever the question has been mooted. *Varnum* v. *Camp, 1 Gr. 326; Garretson* v. *Brown, 2 Dutch. 425; Moore* v. *Bonnel, 2 Vr. 90; Fairchild* v. *Hunt, 1 McCart. 367.*

American Glucose Co. v. New Jersey.

If complainants' contention is correct, Lee's property in his claim against the North River Construction Company and its receiver, and in the funds in the hands of the latter payable on that claim, has never been divested, and is bound by the attachment. If so, the case is that of an ordinary attachment; the garnishee is liable as garnishees are liable in every attachment. I can find nothing to indicate the propriety of adding to this liability the injunction of the court of chancery, which would only subject the receiver to the additional risk of an attachment for contempt. If an injunction could issue in such a case as this, I see no reason why it may not issue in any case of attachment when the attached funds are in the hands of a garnishee.

The decree below should be affirmed.

*Decree unanimously affirmed.*